By the Court.—Freedman, J.
—This action was brought by the plaintiff to foreclose a mortgage of $1,800, which was made by the defendant to one William Ran, and assigned to the plaintiff.
The weight of the evidence clearly is that the loan for which the mortgage was given was made by the plaintiff to the defendant; that it was usurious ; that Rau’s name was used only as a cover, and that the plaintiff did not rely upon the defendant’s certificate and affidavit nor upon her verbal statement. The plaintiff therefore cannot be held estopped from showing the truth of the transaction.
The exceptions taken by the plaintiff to the exclusion of testimony are, under the circumstances of the case, not tenable.
The only question deserving special notice, is as to the effect to be given to the amended answer. At the close of the evidence on both sides the defendant moved that the answer be amended so as to conform to the proof. The decision of the motion was reserved and the case summed up. Thereafter the following memorandum was filed by the judge who tried the cause, viz.: “The second trial of this case has not removed the objections to the plaintiff’s recovery; I therefore find that the defendant have judgment, and that the answer be made to conform to the proofs. Findings to be settled on notice.” Upon this an order granting the motion was entered, with the following clause contained therein: “And it is further ordered that the amended answer which is hereto annexed, be filed with this order in the office of the clerk of this court, and that said answer be regarded as the answer of the defendant herein, and be substituted for and take the place of the answer of the defendant heretofore served herein.”
*33 The effect of the amendments thus allowed, passing over those which are not complained of, was to strike from the answer a plea of tender of the amount aótually received on the bond and mortgage with interest, which plea had been established by evidence at the trial. As to such plea, therefore, the amendment allowed was not within the scope of the motion made. Moreover, it was an amendment in opposition to the proof. Under these circumstances, and the plaintiff having appealed from said order as well as from the judgment, the order should be reversed so far as it works a withdrawal of the plea of tender, if it should be found that the plaintiff was prejudiced thereby.
The plaintiff claims that he was prejudiced, because on the submission of the case he had requested the court to find that, as matter of law, the plea of tender of the sum of $1,435 by the defendant was a conclusive admission' that that sum at least was due, which request the court refused, and to which ruling the plaintiff excepted. The claim made depends upon the applicability of the legal proposition contended for as an universal rule.
In general, it is undoubtedly true, that a plea of tender is an unequivocal admission of the justice of the plaintiff’s claim to the extent of the sum tendered, and that to this extent there is no issue between the parties, and the plaintiff is entitled to receive at least the amount tendered, yet the rule applies only to cases in which there is a valid contract between the parties under which the sum due is the question in dispute. The statute prohibiting usury, expressly provides, however, that all contracts made and securities taken in violation thereof, shall be void (2 R. S. 6th ed. 1165, § 5), and that whenever any borrower of any money, goods, or things, in action, shall file a bill for a discovery of the money, goods, or things in action, taken or received in violation of the statute, it shall not be necessary for him to pay, or offer to pay, any interest whatever on the sum or thing loaned ; nor shall any court of equity, require or compel the payment or deposit of the principal sum, *34 or any part thereof, as a condition of granting relief to the borrower, in any case of a usurious loan forbidden by the statute (Id. § 8).
Consequently the plaintiff has not been prejudiced by the amendments of the answer.
The case had been tried once before, and an opinion filed and a decision rendered in favor of the ’ defendant, when the plaintiff obtained leave to re-open the case to introduce further proof. The issues were retried by the same judge. It was at the end of this second hearing that the defendant’s motion was made to conform the answer to the proof. If, in consequence of the granting of the motion to the extent above stated, it had become necessary that the plaintiff should have a further opportunity to make proof, and application for it had been made, there is little doubt but that the application would have been granted. The plaintiff made no such request. Indeed, the case shows that he had every opportunity afforded to him, that he could reasonably claim, to prove the validity in his hands of the mortgage in suit, and that he was unable to' establish the fact.
Under these circumstances, and especially as the withdrawal of the plea of tender did not affect the final result, the order need not be disturbed.
The judgment and order appealed from should be severally affirmed with costs.
Sedgwick, Ch. J., and Russell, J., concurred.